Mr. Steinberg, I see you reserved three minutes for rebuttal, and you can begin whenever you're ready. Your Honor, before we start, I want to point out that I have two motions. First of all, Mr. Proctor, you came in late. We expect you to come in on time. It's not acceptable to say I'm on the bridge. Everybody budgets in sufficient time to get here at 10 a.m., so that's your first problem. Whatever motions you have, you can address when you get up there. It's Mr. Steinberg's time. Okay? Okay. Okay, go ahead. Thank you. Good morning. Excuse me. The appeal is a fairly narrow issue as to whether or not Mr. Paukman acted sufficiently to invoke the safe harbor under Rule 11. The district court ruled that a motion, a letter motion that Mr. Paukman filed that the court rejected and denied, explaining that it was incomplete, does not have a clear purpose, and does not seek relief from the court. The court ultimately ruled that because of that letter motion, Mr. Paukman had invoked the safe harbor provision of Rule 11. What do you think the test for withdrawal should be? Well, I believe ultimately the question is, was it necessary to make this motion? Was it necessary to, was there still a case pending? Yeah, I think that really is the issue. I think you hit it right on the head. First of all, it was mislabeled on ECF as a motion to consolidate, but as Judge Engelmeyer pointed out when he ultimately denied the sanctions, the substance of the letter was unequivocal. This letter motion is to withdraw document number one without prejudice. So if this had been labeled properly, notice to voluntary dismiss on ECF, nothing else had to be done, right? It was just because it was mislabeled that Judge Engelmeyer didn't understand it that way at the time, right? Am I understanding the situation correctly? There was nothing else that needed to be done. They didn't need a stipulation. I know there were emails back and forth about a stipulation. There was no stipulation necessary. This certainly is an unequivocal statement. I want to withdraw without prejudice my case, right? Correct. And he pointed out, and you can correct me if I'm wrong, you say the judge terminated the motion, but if you look on ECF, it actually looks like the clerk of the court terminated the case on that date, potentially construing this as a voluntary dismissal, which doesn't need a judge's authorization, and the clerk's office actually terminated the case, and Judge Engelmeyer, I think his argument, Judge Engelmeyer dismissed it again in denying the motions, but it was already gone on the court's docket. What's your response to that? Certainly neither the parties nor Judge Engelmeyer understood that the case had been dismissed as of that date. Yeah, but he kept telling you, well, there were two things going on, I think, in the emails back and forth. One is, I think it's his view that nothing else needed to be done. You had an email with him where you said we want with prejudice. Sure. And then there was this back and forth, I want discovery, I want settlement, but that's a whole different can of worms. If, in fact, and I understand why you were concerned, you wanted some type of something more, which would be a dismissal with prejudice, certainly he was free to negotiate that with you, right? I was willing to do anything. I think my emails were fairly clear. Right. I was willing to do anything short of having to make a motion to the court. No, that wasn't him. First of all, he never did anything with the court, but I don't know if that's him going back on his dismissal without prejudice. I think his view was, I've withdrawn that case. I don't need to do anything else. To the extent you want something more, which is a dismissal with prejudice, let's negotiate, right? Sure. So what's wrong with that? Again, this is a very narrow issue of whether or not, I understand the whole history and the behavior, but on the issue of whether or not he somehow didn't do everything he could to, in the safe harbor period, withdraw the case, what more could he have done other than properly label it? Well, when the court denied the motion, and the court, that's what happened. The fact of the matter is- The court didn't say, I'm denying this, you didn't properly label this, put in something else. It was, you can interpret the last line of the court's order on that date was, except in the event of new developments mirroring the court's intervention, the court does not see a cause for further correspondence in these matters. It almost seems like the court is suggesting that it did the same thing in the criminal case. Like, this is over. There's nothing more to do here. So even though Judge Engelmeyer didn't say, and I dismiss the case, there's nothing in Judge Engelmeyer's order suggesting that Mr. Patham has to do something else beyond what he did, right? I understand that that's why we're looking at it in hindsight. But at the time, certainly my understanding, my reading of the judge's order was that because the case could be withdrawn unilaterally by Mr. Palkman, there was nothing for the court to do. That's certainly the way I understood it. And if you read the e-mails that I wrote to Mr. Palkman, I essentially said that. The court's not going to do this for you. You have to do it yourself. Now, I understand there is the entry on the docket that you're referring to about when the case was marked. I guess the expression is terminated, which I'm not sure that's really the same as a dismissal. But it's also not a complaint. It's a very unusual document. It's a termination of a miscellaneous case that was initiated by the filing of the letter. Correct. I mean, I suppose you could have sought striking of the letter, but ultimately what you wanted was termination of the case. I wanted it dismissed. I wanted all of the allegations against me. I want it clear that none of that was there was any basis. On January 21st, the same day, 1253 p.m., you end the e-mail saying, I am asking you to dismiss it with prejudice because I don't want this filed again and have to go through this another time. So my understanding is that, and then again, he starts talking about reasonable settlement and getting discovery. So it seems like that's what you were looking for at that point, right? There is no question that my initial strategy was to see if I could get Mr. Palkman to agree to dismiss this with prejudice. Absolutely. When he wouldn't do that, however, and after the court issued its order terminating that motion, I backed off from that. And I led Mr. Palkman to the point where he could file the notice of dismissal. And that would be without prejudice.  Is it possible you just misunderstood that the case was in fact terminated and over and you just didn't notice? It's very easy not to notice that on the top of the docket. I didn't notice it until yesterday. Exactly. None of us noticed it at the time. In fact, that argument has never been made until the motion that Mr. Palkman just filed. No one's argued that. Judge Engelmeyer didn't say it was withdrawn. Correct. Because the case is terminated. Correct. And Mr. Palkman never argued that at the time. He didn't argue it in his briefs to this court either. That's something that we've just become aware of. The other thing I wanted to just take a second to address. Even if we would agree with you, Judge Engelmeyer still, it's in his discretion. Even if this technically did not comply, he could still say it was an attempt. And in my discretion, I'm not going to impose the sanctions anywhere. Anyway, so really, either way, he views this as sufficient to avoid the sanctions, whether or not. And that's within his discretion, right? I understand that thinking, that reasoning. But I take his decision at face value, which is that the. . . He made a legal decision. It was withdrawn. And he said he could not proceed. And by my view of this, when I received the decision, my reaction was, wait a second. He found that it was frivolous conduct. I read it differently. I said if he hadn't tried to do this, then I would have sanctioned him for all these things. I suppose he could have said whether or not it's withdrawn because of the efforts made to withdraw it that I misunderstood. I won't, in my discretion, impose sanctions. That's not what he said. What he said was it was withdrawn. If it hadn't been, I would have exercised my discretion. I would have the ability to impose sanctions, and I would. I think the judge may have felt some responsibility for not having discerned from that letter motion what counsel was requesting. There had been, my understanding, lots of letters from Mr. Palkman like that one, and I think the judge was frustrated with that. But my point is that what happened, happened. And it is ultimately the responsibility under Rule 11 for counsel to correct their frivolous conduct. And that didn't happen here. Notwithstanding all of the emails that I wrote and all of my effort to actually show Mr. Palkman exactly what needed to be filed for this to be finished. So that's why I felt that it was an appropriate appeal. Thank you. All right, Mr. Palkman, you're up. Hi, good morning. Okay, so yeah, I'd like to just point out that- If you wish to, you can remove your mask. Huh? Exactly. If you wish to, you may remove your mask while you're arguing. You can't hear me with this? It's up to you. Oh, okay. I'll try and talk like this if you can't hear me. That's fine. Because I have like a sore throat. I don't want to get anyone sick. I'm not saying I have anything, but I don't want to- No, no. I just wanted you to know that you were free to. And plus, I think he has a sore throat. Okay, so yeah, basically, I just want to point out a case. Retail Flooring Dealers v. Berlioz. I put that in- Well, first, I want to argue my motion to dismiss. The reason his appeal should be dismissed is because he's saying to me, you need to dismiss this with prejudice. I said, no, I can't do that. I'll dismiss it. He's like, no, no, with prejudice. So I wrote a letter to the court. I'm saying I want to dismiss this. Two days after I wrote the letter to the court asking to dismiss this, the clerk terminated the case. So the case was already terminated. And I understand the judge was very frustrated with me because of motions I made on the criminal docket. So he was more frustrated because of the motions on the criminal docket than anything I said about Daniel Steinberg. The reason we've had, like, this bad exchange with Daniel Steinberg is he filed a motion against me. Well, in that- I'm sorry, he filed an action against me. In that action, if you look, you will see that the signatures of defendant are actually- The signatures of one of the parties are actually judgment that are forging signatures of his mother. Then he filed a grievance complaint against me. How many years have you been an attorney? Huh? How many years have you been an attorney? 20. 20. Have you ever voluntarily dismissed a case before? Have I ever voluntarily dismissed a case? Yeah, don't you- it's pretty basic that if you want to voluntarily dismiss the case, you put notice of voluntary dismissal. That's what it is. And you say, I voluntarily dismissed the case. Why didn't you do that here? That's what the whole cause of confusion was. There's a lot else going on here, but on the issue before us, that's what happened. You didn't call it a voluntary notice of dismissal, and therefore, it was not construed that way by at least Judge Engelmeyer. Okay, I'll explain to you what happened. Mr. Steinberg filed a motion for contempt against me in Kings County. So because he already filed a motion for contempt in Kings County, there was an order by Judge Pauly saying that from now on, any motions you make, you have to pay the $45 filing fee. So I didn't want to just file the motion on the criminal docket and then have this guy file another contempt of court motion. So that's why it was a little bit difficult for me because the judge already ruled on this motion on the criminal docket. And the only reason I was filing it was to pay $45, not to have another contempt motion against me. So I mean, all I'm really trying to do is I'm trying to enforce a judgment. For the past seven years, I haven't made any money. This guy's made hundreds of thousands of dollars because I actually have the checks. I'm just trying to make a living. I'm just trying to put some food in my stomach. That's it. And the only reason I'm going after this guy, Aaron Braunstein, is because he owns half of Brooklyn. So he has attorneys paying them hundreds of thousands of dollars to attack me. But to make a long story short, I told Daniel, if you look at one of my motions, I said to him, as far back as June 4th, 2020, you can disregard this. Because this motion was filed on the criminal docket. And because of Rule 11, because it says that I have a 21-day period, I filed a letter saying I want to withdraw the case. The clerk saw it and withdrew it three days later. He terminated the case three days after my motion. And that's it. Did you ever tell Mr. Steinberg that? I don't remember seeing the e-mails where he was saying, this case has already been terminated.  I don't remember you saying that to him. There was no use to tell him that, because he was- When you bring all these back and forth about what needs to be done, he's saying I need a stipulation. If you had noticed that at the time, you wouldn't say to him, what are you talking about? This case is over. Well, he should know the case is over, because the motion's been decided on- You just didn't tell him that. You saw it at the time, but you didn't tell him that. Is that what you're telling us? No. You saw that it was terminated at the time, and you just decided not to tell him in all those e-mails, even though that was the whole topic? Well, first of all, the motion was decided December 20th. And he filed his Rule 11 letter two weeks later, three weeks later. So, no, that's not the case. The reason I didn't feel- Me and Mr. Steinberg was at a standpoint. He's not saying dismiss the case. He's saying dismiss it with prejudice. And I did say to him, I'm like, how can I dismiss a motion that's already been heard? There's no case law that allows me to dismiss a motion that's already been heard. There's none. Do you think it's appropriate for an attorney to keep filing the same motions over and over again, or filing different lawsuits when there's already been a ruling? Huh? Do you think it's appropriate for you to have kept filing motions over and over again over the same thing, even when you lost, just arguing the same thing? Do you think that's something that an attorney, ethically, should be doing? Well, no, this is actually not the same motion. This was a motion that was filed in criminal court. And, Judge, it was just my insight at the time. If it was faulty, then it was faulty. But it was just a motion filed in criminal court. And it involved some parties where Judge Pauly- I put the decision on the docket. Judge Pauly said that you cannot file any more motions without paying the filing fee. And I just did it for Judge Pauly. That's it. I don't want to be accused of contempt of court. I even- in June 4th, I said to Mr. Steinberg, I said to him, you can disregard it. You want to dismiss it with prejudice? Dismiss it with prejudice. You want to seal the case? I'm not- I'm sorry. You want to dismiss it without prejudice? Let's dismiss it without prejudice. You want to seal the case? I'm not opposed. And that's it. Rule 11, it says you have 21 days to correct this, and that's what I did. I corrected it. It was corrected within three days the case was terminated. And even if it wasn't terminated, I looked. There's no case law which allows me to withdraw a motion that's already been heard. I mean, I would love such a case law. There's a few motions which I filed, even in other cases, which I wish I never filed, and I would love to withdraw them. But I can't. I mean, how is it possible for me to withdraw a motion after it's been heard? But that's basically what Daniel Steinberg wanted me to do. I don't think there are any questions. Do we have anything else to add? No. One other thing I want to add is I have a motion to dismiss because inside his appeal, he puts irrelevant documents that have to do with a Kings County case. All right. We have your papers on that. Okay. All right. Thank you. That's it. And just one last thing. I just want to point out, it's not that I was filing a lot of cases. It's that I was going to different areas and trying to enforce a $20 million judgment. So it's not actual cases that I've been filing. Thank you. Mr. Steinberg, you have three minutes. Thank you. Just a couple of brief comments. First of all, Mr. Palkman did not appeal from the district court's decision. So for that reason alone, we ought not to be engaging in a discussion of whether or not his conduct was frivolous. That part of the decision has not been appealed from. But it pains me to correct a couple of things. With respect to the $45 fee argument that Mr. Palkman raises, Judge Pauley's decision appears in page 119 of the appendix. It was a case that Mr. Palkman brought against Aaron Braunstein and others. And the judge expressed some concerns about that proceeding that was brought. But to the extent that that decision can be read, as Mr. Palkman suggests, and I don't think it can, Mr. Palkman proceeded to file this case against me and another attorney. So we made the affirmative step of adding two attorneys as defendants. He didn't need to do that if his $45 fee argument was valid. So I just think that that's an invention at this point. With respect to the statement that was made about contempt, Mr. Palkman is connecting, improperly connecting, a case in state court that he brought called Madigan v. Berkeley Capital. That's a record at 205 AD 3rd 900. That's the decision that holds Mr. Palkman in criminal contempt. It has nothing to do with Judge Pauley's decision. The two are completely unrelated. It was brought, that case, the contempt motion was brought on behalf of my client, Oceana Holding Company. So again, it's unrelated and the argument doesn't follow. Last, and I've touched on this already, but the arguments that are being made about the case having been dismissed, neither Mr. Palkman nor I nor Judge Pauley understood at the time that these motions were made that the case had been dismissed. We all understood that it had not been dismissed. If I had to speculate as to how the clerk of the court actually came to mark it as having been terminated, it perhaps has to do with an order that was entered in the criminal court case, which I've looked at now to try and understand this. And that order indicates clearly that the criminal case- But looking at it now, that was a voluntary withdrawal of this case. Why is that? And he actually said in the opinion, had Palkman not essentially contemporaneously mooted the sanctions issue by asking that the case be dismissed, sanctions would have been clearly warranted. So he went back, he looked at it, and said, yeah, I didn't notice at the time. And obviously, he didn't notice at the time, but it looks like the clerk's office did. And with Heinzle, Judge Engelmeyer said that was an attempt to dismiss. Judge Engelmeyer doesn't say anywhere in his decision that the clerk understood it to be that. No, but he's looked at it and said, looking at it now, that's what he was trying to do. There's no question that the judge realized after the fact that that's what Mr. Palkman was trying to do.  He wants to tell Judge Engelmeyer, you're wrong. That's not what Mr. Palkman was trying to do. You're wrong, Judge Engelmeyer. We looked at it. That's not what he was trying to do. But that's what we would be saying, right? No, no, no, no. What are we saying? Your point is about the conduct after Judge Engelmeyer acted on the original motion. The judge did what he did. And the judge didn't realize it at the time that that's what Mr. Palkman was asking for. So then the question is, who's the burden? Who's got the burden to do something about it?  Well, okay, the court made a mistake. But that doesn't mean that it takes the burden off counsel to correct what they did. And that's what Mr. Palkman argued. Mr. Palkman argued that, ah, the court decided my letter motion the way it did, so I don't have to withdraw the case. That's not right. The result should be Mr. Palkman should have filed the notice of dismissal, which I showed to him exactly what he had to do. Then I wouldn't have had to make the motion. That's my point. My point is that if you want to invoke the safe harbor, the burden is on counsel to do what's necessary to invoke the safe harbor. All the cases that we have all talk about the safe harbor, the action not happening in time. This was a situation where it was never going to happen. That was clear. Unless I made the motion, the case wouldn't have been dismissed. Except that it did. Except that it turns out it did. Nothing else additional being filed, right? In hindsight, yes, but that's not, Judge Engelmeyer in his order in response to the motion dismisses the case. He understood, none of us understood that the, and I keep looking back for the word, the termination of the case, which I think, as I say, I think it reflects an order in the criminal court case where Judge Engelmeyer wrote that that case is still closed. I perhaps think that that's what's the genesis for this, but I'm speculating. I don't know. All right, thank you. Thank you so much. We'll reserve decision. Have a good day. Thank you. No, we're done. The last case is on submission. As I noted, Keyes v. City of New York. That completes the business of the court. And with thanks to Ms. Beard, I ask that she leave the court. The court stands adjourned. adjourned.